IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**FREDDIE GARDNER**                                                            **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 2:08cv222KS-MTP**

**PARKMAN LOGGING, INC., BILLY JOE
PARKMAN AND MICHAEL D. TROTT**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment [Doc. #18] (July 15, 2009) filed by Defendants Parkman Logging, Inc., Billy Joe Parkman, and Michael D. Trott. The Motion is not opposed by Plaintiff Freddie Gardner. Because Gardner has failed to produce evidence creating a genuine issue of material fact in support of his claims, the Motion for Summary Judgment should be **granted** and the case should be **dismissed with prejudice**.

### I. BACKGROUND

This case arises from a collision on October 19, 2005, between Gardner's car and a recap that came off the tire of a truck owned by Parkman Logging, Inc. and Billy Joe Parkman and operated by Michael D. Trott, an employee of Parkman Logging. (Compl. ¶ 5 [Doc. #1] ; Parkman Logging, Inc.'s Answer ¶ 5 [Doc. #7].) Gardner and Trott were traveling in opposite directions on Highway 27 when the recap detached from the rear tire of Trott's logging trailer. The loose recap struck and damaged the front of Gardner's car. (Compl. ¶ 5.) The parties agree that at the time of the incident, Trott was acting in the course and scope of his employment with Parkman, and was operating a truck owned by Parkman. (Compl. ¶ 5; Parkman Logging, Inc.'s

Answer ¶ 5.)

On October 9, 2008, Gardner filed suit against Parkman Logging, Inc., Parkman, and Trott. Gardner alleges that Defendants were negligent in "failing to inspect, maintain, and/or replace the tire of its log trailor [sic]." (Compl. ¶ 8.) Gardner also alleges that Trott was negligent in operating the vehicle at the time of the incident, and that this negligence is imputed to Trott's employers, Defendants Parkman Logging, Inc. and Billy Joe Parkman, because Trott was an employee of Parkman and was acting within the course and scope of his employment at the time of the incident. (Compl. ¶ 8.) Defendants filed a motion for summary judgment on July 15, 2009, contending that Plaintiff has not presented any evidence to support his claims. Plaintiff has not opposed this motion.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).

If the moving party fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little*, 37 F.3d at 1075. "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

"The purpose of Rule 56 is to 'enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.' " *Little*, 37 F.3d at 1075 (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990)). "If, after adequate time for

discovery, a party cannot produce proof that it has facts to support its case, then the case should be resolved at that point . . . ." *Id.* at 1076.

### III. APPLICATION AND ANALYSIS

The Defendants contend that Plaintiff's claims should be dismissed because Plaintiff has failed to provide any evidence that Trott negligently operated the truck, that Defendants were negligent in inspecting, maintaining, or replacing the tires, or that Defendants' negligence was the proximate cause of the recap's separation from the tire.

In this diversity suit, the substantive law of Mississippi applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In order to recover for negligent operation and/or maintenance, Plaintiff "must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury." *Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1, 3 (Miss.2007); (quoting *Miss. Dep't of Mental Health v. Hall*, 936 So.2d 917, 922 (Miss.2006)); See also *Sellars ex rel. Dill v. Walgreen Co.*, 971 So.2d 1278, 1279 (Miss.App.2008) (to overcome summary judgment, Plaintiff must show a genuine issue regarding each of the four elements of negligence). "It is elementary law that in any lawsuit based upon negligence, it is incumbent upon the plaintiff to first prove by a preponderance of the evidence that the defendant was negligent and that such negligence was a proximate cause of the accident." *Rudd v. Montgomery Elevator Co.*, 618 So.2d 68, 73 (Miss. 1993) (citations omitted). "To make a jury issue on liability in this case, it was incumbent upon [Plaintiff] to establish by competent evidence that [Defendants were] somehow negligent in [their] maintenance and [inspection] of the [tires] and that this negligence caused it to [separate] that day." *Rudd*, 618 So.2d at 72. The Plaintiffs have failed to present such evidence.

In this case, Plaintiff has not provided any evidence that Trott breached a duty to properly inspect, maintain, and/or replace his tires. Gardner stated that he saw the tire come off and hit the front of his car, and that the tires were "bald-headed" and "should have been changed." (Gardner Dep. 17:10-18:8, 26:3-26:5 [Doc. #18-3].) Even so, Plaintiff has not presented any evidence that supports the allegation that Defendants' inspection, maintenance, or replacement of the tires was negligent. Plaintiff has not offered any evidence to contradict Trott's statement that he inspected the tires shortly before the accident, and found them to be in good condition. (Trott Aff. ¶ 5 [Doc. #18-5].) Plaintiff has not conducted any discovery as to the reasonableness of Defendants' maintenance and inspection of the tire. Plaintiff's conclusory allegations that the tires were negligently maintained are not sufficient to establish Defendants' negligence.

Further, while Plaintiff alleges that Defendant was "operating its vehicle in an unsafe manner" (Compl. ¶ 8.) he has offered no evidence to support this conclusion. Plaintiff has not presented evidence to contradict Trott's contention that he was driving in a lawful and careful manner and was not speeding. (Trott Aff. ¶ 3 [Doc. #18-5].) Additionally, the Highway Patrol report contains no indication that Trott was operating the truck in a negligent manner. (Highway Patrol Incident Report [Doc. #18-4].) Plaintiff's unsubstantiated assertions alone do not establish a genuine issue of material fact.

Even assuming that Defendants were somehow negligent in inspecting, repairing, and replacing the tire, or that Trott was negligent in operating the truck, Plaintiff has not provided any evidence that Defendants' negligence proximately caused the recap to separate from the tire resulting in harm to Plaintiff. As noted by Defendants, "[t]he recap could have come off as a result of the weather conditions; the recap, or the tire itself, could have been defective . . .; the recap could have been affixed improperly; or Defendant Trott could have hit a pothole or an

object in the road, which caused the recap to fall off." (Defs.' Mem. Supp. Summ. J. 7 [Doc. #19].) Plaintiff has not provided any evidence that either negligent inspection or maintenance by Defendants or negligent driving by Trott caused the separation of the recap and the subsequent injury to Gardner.

Based upon Plaintiff's failure to provide any evidence to support his claims against Defendants, the Plaintiff has failed to show the existence of a genuine issue of a material fact. For this reason, Parkman Logging, Inc., Parkman, and Trott are entitled to judgment as a matter of law.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendants' motion for summary judgment [Doc. #18] is **granted** and Plaintiff's Complaint is dismissed with prejudice. A separate judgment will follow.

SO ORDERED AND ADJUDGED on this, the 20th day of August, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE